Gabrielli, J.
(dissenting). I respectfully dissent, for I cannot agree that a factual determination characterized by the finder of fact as "unnecessary to a decision” should be accorded conclusory effect in a subsequent action.
The conclusion reached by the majority of this court is premised upon the perception that the decision of the Court of Claims was grounded upon two alternative determinations: that the State was not negligent, and that both Malloy and Trombley were negligent. Thus, the majority devotes its attention to the question whether issue preclusion principles are applicable to both of two alternative grounds for a decision. Although this question is of considerable academic interest and has been the subject of some dispute (compare Restatement, Judgments, § 68, Comment n, with Restatement, Judgments 2d [Tent Draft No. 4], § 68, Comment i), I do not consider it to be relevant to the disposition of this appeal, for I cannot agree that the Court of Claims decision in the prior case was truly based upon alternative grounds. Rather, as is specifically stated in the opinion of the Court of Claims, the decision in that case was premised upon the determination that the State was not negligent, and the finding of contribu *56 tory negligence was not necessary to the ultimate result. Thus, the finding of contributory negligence was not an alternative basis for the holding, but rather was a factual determination not essential to the judgment. Accordingly, that determination does not preclude litigation of the contributory negligence issue in the context of the present action (see Restatement, Judgments 2d [Tent Draft No. 4], § 68, Comment h; accord Restatement, Judgments, § 68, Comment o; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.28).
It is often rather difficult to determine whether a particular judgment is based upon two alternative grounds, or whether in fact there exists only one ground for the decision and the discussion of other possible routes to the same end is no more than a sort of "factual dicta” (see Developments in the Law— Res Judicata, 65 Harv L Rev 818, 845-847; see, also, Hinchey v Sellers, 7 NY2d 287). In the instant case, however, this potential quandry has been avoided by the frank declaration in the opinion of the Court of Claims that the discussion of contributory negligence was "unnecessary to a decision”. I see no reason to reject that court’s own characterization of its treatment of the contributory negligence issue, for it is the fact finder which is in the best position to know whether it has made a factual determination on the basis of that careful thought and close consideration which is necessary for proper resolution of a dispute, or whether the statement merely serves as an additional justification for a decision actually premised upon other grounds. Since the Court of Claims has specifically declared that its finding of contributory negligence was not the basis of its decision, I see no justification for giving that unnecessary determination conclusory effect in the instant litigation.
Accordingly, I vote to reverse the order appealed from and remit the case to Supreme Court, Niagara County, for further proceedings upon the complaint.